JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN GARCIA, individually and on behalf of all others similarly situated, <br><br> **Plaintiff,** <br> v. <br><br> **10 ROADS EXPRESS, LLC and EAGLE EXPRESS LINES, INC.,** <br><br> **Defendants.** | **AMENDED COMPLAINT** |

Juan Garcia ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation for Plaintiff and similarly situated non-exempt hourly positions performing physical labor, including but not limited to drivers, mechanics, and loaders (collectively, "Manual Workers"), who work or have worked as manual workers for 10 Roads Express, LLC ("10 Roads") and Eagle Express Lines, Inc. or ("Eagle Express" and together with 10 Roads, "Defendants") at any of Defendants' New York State locations.

2. Defendant 10 Roads is a mail contracting company in North America that has at least three locations in New York State.

1

3. Specifically, 10 Roads contracts with the United States Postal Service to deliver mail throughout the United States.

4. Defendant Eagle Express is a subsidiary and/or predecessor of 10 Roads.

5. Upon information and belief, during the relevant statute of limitations period Defendants have jointly employed over one hundred (100) Manual Workers in New York State.

6. At all relevant times, Defendants have compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

7. Despite being manual workers, Defendants have failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

8. In this regard, Defendants have failed to provide timely wages to Plaintiff and all other similar Manual Workers.

9. Plaintiff brings this action on behalf of himself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL"), Article 6, § 191.

## THE PARTIES

**Plaintiff**

10. Juan Garcia ("Plaintiff") is an adult individual who is a citizen of the State of New York.

11. Plaintiff was employed by Defendants as a mail delivery driver at Defendant's Bethpage, NY location from 2016 through mid-late 2021.

12. Plaintiff's employment began with Eagle Express Lines, Inc., which became 10 Roads through purchase or other means on or about January 1, 2021.

13. Plaintiff was a covered employee within the meaning of the NYLL.

**Defendants**

14. Defendant 10 Roads is a foreign limited liability company organized and existing under the laws of Delaware.

15. 10 Roads' owners/members are citizens of Nebraska, Illinois, and Indiana.

16. Defendant Eagle Express is a foreign corporation organized and existing under the laws of Delaware and having its primary offices in Iowa.

17. Defendants were and are covered employers within the meaning of the NYLL, and at all relevant times one or both of them employed Plaintiff and similar employees. Defendants maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

18. For some or all of the time period covered by this action, Defendants have been part of a single integrated enterprise that jointly employed Plaintiff and similar employees.

19. Defendants apply the same employment policies, practices, and procedures to all Manual Workers in their operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

20. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

21. The great majority, if not all, members of the proposed class are citizens of states different from that of Defendants.

22. There are over 100 members in the proposed class.

23. Defendants are subject to personal jurisdiction in New York.

24. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings the NYLL claim under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for Defendants in New York between the date six years before the commencement of this action and the date of final judgment in this matter (the "Class").

26. The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

27. Upon information and belief, during the Class Period Defendants employed more than 100 Manual Workers in New York.

28. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

29. Plaintiff and the Class have all been injured in that they have been compensated in an untimely manner due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

30. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

31. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

33. Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the Class individually and include, but are not limited to, whether Defendants compensated Plaintiff and the Class on a timely basis.

## FACTUAL ALLEGATIONS

34. Consistent with its policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

35. Plaintiff was employed by Defendants as a driver at its Bethpage, NY location.

36. Plaintiff was initially hired to work for Eagle Express.

37. In 2021, Eagle Express transferred Plaintiff's employment to 10 Roads.

38. Around the time that Plaintiff's employment transferred to 10 Roads, Eagle Express and other jointly owned trucking companies merged to become 10 Roads. To be sure, 10 Roads made posts to this effect multiple times on Facebook on and after December 30, 2020.

39. At the time of this transfer, 10 Roads promulgated a form to be signed by Plaintiff which stated that Plaintiff's "employment is transferring between companies to 10 Roads Express, LLC which has a similar ownership group as my current employer [Eagle Express]. I acknowledge my employment file and agree to have its contents transferred to and considered to be my file for my employment under 10 Roads Express, LLC."

40. On or around April 7, 2021, 10 Roads provided Plaintiff with a letter stating that he

was then-employed by 10 Roads and that he was initially hired by Eagle Express.

41. The April 7, 2021 letter further stated, "Due to certain organizational changes, all operational functions of Eagle Express Lines, including Eagle's workforce, have been moved to 10 ROADS Express, LLC. As a result of the organizational shift, Mr. Garcia's employment was moved to 10 ROADS Express, LLC."

42. Plaintiff's work sites, job duties, and supervisors remained the same following the transfer of his employment to 10 Roads. Upon information and belief, 10 Roads continued to use the same vehicles as Eagle Express.

43. Plaintiff's transfer to 10 Roads was in name in only, as 10 Roads and Eagle Express run their businesses jointly.

44. As an example, in 2021 10 Roads job postings were sent to Plaintiff from an Eagle Express e-mail address.

45. During his employment, almost all of Plaintiff's duties were physical tasks, including but not limited to driving his trailer-sized mail truck loaded with mail.

46. For example, for the last period of Plaintiff's employment, Plaintiff started his shifts at Defendants' Bethpage location, where he picked up the truck that he drove. He drove from Bethpage to locations in Queens, NY and New Jersey, where the truck would be loaded with mail. He then drove the loaded truck to Washington, D.C., where Plaintiff dropped off the mail. Plaintiff would then take a 10-hour break. After the break, Plaintiff returned to the Washington, D.C. facility, picked up a loaded truck, drove it to New Jersey, where it was unloaded, and then returned the truck to Bethpage, NY. Typically, at least 24 hours elapsed from the time Plaintiff picked up the truck in Bethpage to the time he returned the truck to Bethpage. Plaintiff handled this route three times a week. The great majority of his working time was spent driving the truck.

47. Other Manual Workers similarly spent more than twenty-five percent of their

6

worktime performing physical labor, including the aforementioned tasks, mechanic work, and loading/unloading the mail trucks.

48. Even though Plaintiff spent more than twenty-five percent of his worktime performing these physical tasks, Defendants 10 Roads and Eagle Express both paid Plaintiff on a biweekly basis.

49. For example, the paycheck issued to Plaintiff by 10 Roads on May 14, 2021 covered the two-week period of April 25, 2021 to May 8, 2021. Thus, even though Plaintiff worked the week of April 25 to May 1, 2021, 10 Roads failed to pay Plaintiff his wages earned in that week by May 8, 2021, as required by NYLL 191(1)(a).

50. Similarly, the paycheck issued to Plaintiff by Eagle Express on September 13, 2019 covered the two-week period of August 25, 2019 to September 7, 2019. Thus, even though Plaintiff worked the week of August 25 to 31, 2019, Eagle Express failed to pay Plaintiff his wages earned in that week by September 7, 2019, as required by NYLL 191 (1)(a),

51. Every time that Defendants failed to pay Plaintiff his wages earned within seven days of the end of the workweek, Defendants deprived him of the use of money that belonged to him. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy. Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

52. Defendants committed the foregoing violations against Plaintiff and the Class members.

**FIRST CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the Class)**

53. Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

54. The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the Class.

55. Defendants failed to pay Plaintiff and the Class on a timely basis as required by NYLL § 191(1)(a).

56. Due to Defendants' violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully requests that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL;

D. Reasonable attorneys' fees and costs of the action; and

E. Such other relief as this Court shall deem just and proper.

Dated: New York, New York  
       August 3, 2022

Respectfully submitted,  
JOSEPH & KIRSCHENBAUM LLP

By: /s/ *D. Maimon Kirschenbaum*  
    D. Maimon Kirschenbaum  
    Denise A. Schulman  
    Josef Nussbaum  
    32 Broadway, Suite 601  
    New York, NY 10004  
    Tel: (212) 688-5640  
    Fax: (212) 981-9587

*Attorneys for Plaintiff and proposed Class*

*Attorneys for Plaintiff and proposed Class*