


August 12, 2022

**Marielle A. Moore**
212.915.5549 (direct)
Marielle.Moore@wilsonelser.com)

**VIA ECF**

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**RE: *Garcia v. 10 Roads Express, LLC*, No. 22-CV-02783**

Dear Judge Azrack:

We represent 10 Roads Express, LLC ("10 Roads") in the above-referenced action and write in response to the Plaintiff's pre-motion conference letter dated August 4, 2022. Although this letter does not include each and every argument that may be raised if the Plaintiff files a motion to dismiss 10 Roads' counterclaims, 10 Roads submits the information contained herein based on the facts and information currently available.

As stated in its July 28, 2022 letter, 10 Roads' counterclaims against Plaintiff arise from the Plaintiff's unprovoked and intentional attack on a co-worker ("Co-Worker X"). Co-Worker X sustained significant injuries from the attack, and since the attack occurred while Co-Worker X was performing work for 10 Roads, 10 Roads necessarily provided and continues to provide payments to Co-Worker X for his related medical care and other expenses. (Counterclaims ¶ 15). Accordingly, 10 Roads asserted claims for common law indemnity, and unjust enrichment/restitution to recover its damages, including the payments it necessarily made to Co-Worker X as a direct result of Plaintiff's unprovoked and intentional attack.

In his pre-motion conference letter, Plaintiff contends that there is no diversity jurisdiction over 10 Roads' counterclaims because as of the date of filing, the amount in controversy was less than $75,000.00. However, the Second Circuit views the amount claimed in the complaint with deference and recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy. *Maxons Restorations, Inc. v. Newman*, 292 F.Supp.2d 477, 480-81 (S.D.N.Y. 2003). To overcome this face-of-the-complaint presumption, the

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Florham Park, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY



legal impossibility of recovery must be so certain as virtually to negate the claimant's good faith in asserting the claim. *Scherer v. Equit. Life Assur. Socy. of the United States*, 347 F.3d 394, 397 (2d. Cir. 2003). Even where a claimant merely alleges that damages exceed $75,000, the party opposing jurisdiction cannot overcome the face-of-the-complaint presumption unless he can show "to a legal certainty" that the amount recoverable does not meet the jurisdictional threshold. *Id*.

Of course, "[w]here the damages are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings." *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994) (*citing McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957)). Additionally, the Second Circuit holds that when a claimant is seeking unliquidated damages in a tort action, a district court should permit the case to proceed and not predetermine whether the plaintiff could recover the minimum statutory amount. *Id.* (*citing Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199 (2d Cir. 1982)). In fact, "even where [the complaint's] allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Zacharia*, 684 F.2d at 202.

Here, doubt must be resolved in 10 Roads' favor because its tort damages are ongoing, unliquidated, and uncertain, and the Plaintiff cannot overcome the face-of-the-complaint presumption. Although Plaintiff points to 10 Roads' initial disclosures in support of his argument that 10 Roads' damages do not meet the jurisdictional threshold, Plaintiff conflates the payments for medical expenses incurred *to date* with the overall amount in controversy. As pled in 10 Roads' claims and subsequently explained to Plaintiff via telephone, 10 Roads damages are ongoing because Co-Worker X's medical care is ongoing. Specifically, Co-Worker X suffered significant dental injuries for which he is still seeking and receiving extensive dental repair treatment. In fact, just since the date of its initial disclosures, 10 Roads' damages for payments to Co-Worker X have increased due to an intervening dental appointment. Thus, rather than seek only the amounts paid out to Co-Worker X to date, 10 Roads' claims seek the total overall amount that will necessarily be paid out to Co-Worker X over the life of his workers' compensation claim. It is this total amount that is included in the amount in controversy, and it is this amount that is unliquidated and uncertain.

Further, in addition to the payments made to Co-Worker X, 10 Roads suffered additional damages due to the significant costs incurred in maintaining 10 Roads' business operations despite the loss of two drivers, both Plaintiff and Co-Worker X. 10 Roads is an interstate motor carrier that contracts directly with the United States Postal Service ("USPS") to haul mail in interstate commerce. 10 Roads employs drivers who perform the same routes on the same schedules every day, and when one of those drivers are out for injuries or terminated for causing injuries, 10 Roads must find alternate coverage for that driver's routes in order to meet its contractual obligations to the USPS. Here, as a direct result of Plaintiff's attack on Co-Worker X, 10 Roads terminated Plaintiff and placed Co-Worker X on a medical leave of absence, which took both drivers out of service. 10 Roads was thus required to seek alternate coverage for both Plaintiff's and Co-Worker X's runs, which ultimately forced 10 Roads to hire and pay other motor carriers to perform these runs as necessary to meet 10 Roads' contractual obligation to the USPS. Thus, in addition to the payments made to Co-Worker X, 10 Roads additionally seeks the costs incurred to maintain its business operations as damages caused by Plaintiff. 10 Roads intends to include additional factual

matter in support of these expenses in its Answer to Plaintiff's Amended Complaint, which is currently due on August 19, 2022.

Accordingly, dismissal for lack of subject matter jurisdiction is not warranted because it is not "apparent, to a legal certainty" that 10 Roads cannot recover the jurisdictional threshold. *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070-71 (2d Cir. 1996). Not only is 10 Roads entitled to the face-of-the-complaint presumption, but 10 Roads' damages are ongoing, unliquidated, and uncertain. The district court should therefore permit the case to proceed and not predetermine whether the 10 Roads could recover the minimum statutory amount. *See Tongkook*, 14 F.3d at 785. 10 Roads asserted its tort claims for common law indemnity and unjust enrichment/restitution claims in good faith, and the total amount in controversy meets or exceeds the jurisdictions threshold. 10 Roads thus respectfully submits that Plaintiff's motion to dismiss should be denied.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: ______________________________

Marielle A. Moore, Esq.
Nancy V. Wright, Esq.
Attorneys for Defendant
*10 Roads Express, LLC*
150 E 42nd Street
New York, NY 10017
Tel.: (212) 915-5845
marielle.moore@wilsonelser.com
nancy.wright@wilsonelser.com

**To: Via ECF & Email**

JOSEPH & KIRSCHENBAUM LLP
*Attorneys for Plaintiff*
Josef Nussbaum, Esq.
32 Broadway Suite 601
New York, New York 10004
Tel.: (212) 688-5640
jnussbaum@jhllp.com