UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>10 ROADS EXPRESS, LLC and EAGLE EXPRESS LINES, INC.<br><br>Defendant. | Case No.: 22-CV-02783 (JMS-ST)<br><br>**DEFENDANT 10 ROADS EXPRESS, LLC'S ANSWER TO PLAINTIFF'S AMENDED <u>COMPLAINT</u>** |

Separate Defendant, 10 ROADS EXPRESS, LLC ("10 Roads"), by its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, hereby responds to Plaintiff JUAN GARCIA's Amended Complaint ("Complaint") upon information and belief as follows:

**AS TO "NATURE OF THE ACTION"**

1. With respect to the allegations contained in paragraph "1" which set forth conclusions of law or consist of plaintiff's characterization of the Complaint, no response is required. Otherwise, 10 Roads denies that it violated any law or engaged in any wrongful conduct and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

2. 10 Roads admits the allegations contained in paragraph "2" of the Complaint.

3. 10 Roads admits the allegations contained in paragraph "3" of the Complaint.

4. 10 Roads denies the allegations contained in paragraph "4" of the Complaint.

5. With respect to the allegations contained in paragraph "5" which set forth conclusions of law, no response is required. Otherwise, 10 Roads denies the allegations contained in paragraph "5" of the Complaint.

6. With respect to the allegations contained in paragraph "6" which set forth conclusions of law or consist of plaintiff's characterization of the Complaint, no response is required. Otherwise, 10 Roads admits that it compensated plaintiff on a bi-weekly basis, but 10 Roads denies the remaining allegations contained in paragraph "6" of the Complaint. 10 Roads further denies that it violated any law or engaged in any wrongful conduct and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

7. With respect to the allegations contained in paragraph "7" which set forth conclusions of law or consist of plaintiff's characterization of the Complaint, no response is required. Otherwise, 10 Roads admits that it compensated plaintiff on a bi-weekly basis, but 10 Roads denies the remaining allegations contained in paragraph "7" of the Complaint. 10 Roads further denies that it violated any law or engaged in any wrongful conduct and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

8. 10 Roads denies the allegations contained in paragraph "8" of the Complaint.

9. With respect to the allegations contained in paragraph "9" which set forth conclusions of law or consist of plaintiff's characterization of the Complaint, no response is required. Otherwise, 10 Roads admits that plaintiff filed the Complaint as a proposed class action, but 10 Roads denies that it violated any law or engaged in any wrongful conduct and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## AS TO "THE PARTIES"

10. 10 Roads denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

11. With respect to the allegations contained in paragraph "11" of the Complaint, 10 Roads admits that Eagle Express Lines, Inc. ("Eagle") initially employed plaintiff as a driver out of its Bethpage, NY location beginning on or around August 7, 2016, and that Plaintiff remained employed in this position until January 1, 2021, when Plaintiff's employment with 10 Roads began. 10 Roads further admits that it terminated plaintiff's employment on or about August 19, 2021, after plaintiff physically attacked and injured a coworker. 10 Roads denies any remaining allegations contained in paragraph "11" of the Complaint.

12. With respect to the allegations contained in paragraph "12" of the Complaint, 10 Roads admits that Eagle initially employed plaintiff as a driver out of its Bethpage, NY location beginning on or around August 7, 2016, and that plaintiff remained employed in this position until January 1, 2021, when Plaintiff's employment with 10 Roads began. 10 Roads denies the remaining allegations contained in paragraph "12" of the Complaint.

13. With respect to the allegations contained in paragraph "13" which set forth conclusions of law, no response is required. Otherwise, 10 Roads denies that it employed plaintiff at any time prior to January 1, 2021, and that it violated any law or engaged in any wrongful conduct. 10 Roads further respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

14. 10 Roads admits the allegations contained in paragraph "14" of the Complaint.

15. 10 Roads denies the allegations contained in paragraph "15" of the Complaint.

16. With respect to the allegations contained in paragraph "16" of the Complaint, 10 Roads admits that Eagle is a foreign corporation organized and existing under the laws of Delaware. 10 Roads denies the remaining allegations contained in paragraph "16" of the Complaint.

17. With respect to the allegations contained in paragraph "17" which set forth conclusions of law, no response is required. Otherwise, 10 Roads admits that it employed plaintiff beginning on January 1, 2021, and that during his employment, 10 Roads maintained control, oversight, and direction over plaintiff's employment, including timekeeping, payroll and other employment practices. 10 Roads denies that it employed plaintiff at any time prior to January 1, 2021, and any remaining allegations contained in paragraph "17", and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

18. 10 Roads denies the allegations contained in paragraph "18" of the Complaint.

19. 10 Roads denies the allegations contained in paragraph "19" of the Complaint.

### AS TO "JURISDICTION AND VENUE"

20. With respect to the allegations contained in paragraph "20" which set forth conclusions of law or consist of plaintiff's characterization of the Complaint, no response is required. Otherwise, 10 Roads confirms that plaintiff purports to invoke the jurisdiction of this Court, denies that it violated any law or engaged in any wrongful conduct, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

21. 10 Roads denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

22. 10 Roads denies the allegations contained in paragraph "22" of the Complaint.

23. With respect to the allegations contained in paragraph "23" which set forth conclusions of law or consist of plaintiff's characterization of the Complaint, no response is required. Otherwise, 10 Roads confirms that plaintiff purports to invoke the jurisdiction of this

Court, denies that it violated any law or engaged in any wrongful conduct, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

24. With respect to the allegations contained in paragraph "24" which set forth conclusions of law or consist of plaintiff's characterization of the Complaint, no response is required. Otherwise, 10 Roads confirms that plaintiff has elected to venue this action as set forth therein and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## AS TO "CLASS ACTION ALLEGATIONS"

25. With respect to the allegations contained in paragraph "25" which set forth conclusions of law or consist of plaintiff's characterization of the Complaint, no response is required. Otherwise, 10 Roads confirms that plaintiff filed the Complaint and proposed a class or persons to represent, but 10 Roads denies that it violated any law or engaged in any wrongful conduct and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

26. With respect to the allegations contained in paragraph "26" which set forth conclusions of law, no response is required. Otherwise, 10 Roads denies the allegations contained in paragraph "26" of the Complaint.

27. With respect to the allegations contained in paragraph "27" which set forth conclusions of law, no response is required. Otherwise, 10 Roads denies the allegations contained in paragraph "27" of the Complaint.

28. With respect to the allegations contained in paragraph "28" which set forth conclusions of law, no response is required. Otherwise, 10 Roads denies the allegations contained in paragraph "28" of the Complaint.

29. With respect to the allegations contained in paragraph "29" which set forth conclusions of law or consist of plaintiff's characterization of the Complaint, no response is required. Otherwise, 10 Roads denies the allegations contained in paragraph "29" of the Complaint. 10 Roads further denies that it violated any law or engaged in any wrongful conduct, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

30. With respect to the allegations contained in paragraph "30" which set forth conclusions of law, no response is required. Otherwise, 10 Roads denies the allegations contained in paragraph "30" of the Complaint.

31. 10 Roads denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

32. With respect to the allegations contained in paragraph "32" which set forth conclusions of law, no response is required. Otherwise, 10 Roads denies the allegations contained in paragraph "32" of the Complaint.

33. With respect to the allegations contained in paragraph "33" which set forth conclusions of law or consist of plaintiff's characterization of the Complaint, no response is required. Otherwise, 10 Roads denies the allegations contained in paragraph "33" of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

34. 10 Roads denies the allegations contained in paragraph "34" of the Complaint.

35. With respect to the allegations contained in paragraph "35" of the Complaint, 10 Roads admits that it employed plaintiff as a driver out of its Bethpage, NY location beginning on or around January 1, 2021, and that plaintiff remained employed in this position until August 19,

2021, when 10 Roads terminated plaintiff after he physically attacked and injured a coworker. 10 Roads denies any remaining allegations contained in paragraph "35" of the Complaint.

36. With respect to the allegations contained in paragraph "36" of the Complaint, 10 Roads admits that Eagle initially employed plaintiff as a driver out of its Bethpage, NY location beginning on or around August 7, 2016, and that Plaintiff remained employed in this position until January 1, 2021, when Plaintiff's employment with 10 Roads began. 10 Roads denies any remaining allegations contained in paragraph "36" of the Complaint.

37. With respect to the allegations contained in paragraph "37" of the Complaint, 10 Roads admits that Eagle initially employed plaintiff as a driver out of its Bethpage, NY location beginning on or around August 7, 2016, and that plaintiff remained employed in this position until January 1, 2021, when Plaintiff's employment with 10 Roads began. 10 Roads denies any remaining allegations contained in paragraph "37" of the Complaint.

38. 10 Roads denies the allegations contained in paragraph "38" of the Complaint.

39. With respect to the allegations contained in paragraph "39" of the Complaint, which paraphrase or characterize the contents of a written document that plaintiff failed to attach to the Complaint, 10 Roads denies the allegations to the extent that they are inconsistent with that document and further answer that the document speaks for itself.

40. With respect to the allegations contained in paragraph "40" of the Complaint, which paraphrase or characterize the contents of a written document that plaintiff failed to attach to the Complaint, 10 Roads denies knowledge and information sufficient to form a belief as to the existence of the document and denies the allegations to the extent that they are inconsistent with that document and further answers that the document, if it exists, speaks for itself.

41. With respect to the allegations contained in paragraph "41" of the Complaint, which paraphrase or characterize the contents of a written document that plaintiff failed to attach to the Complaint, 10 Roads denies knowledge and information sufficient to form a belief as to the existence of the document and denies the allegations to the extent that they are inconsistent with that document and further answers that the document, if it exists, speaks for itself.

42. 10 Roads admits the allegations contained in paragraph "42" of the Complaint.

43. 10 Roads denies the allegations contained in paragraph "43" of the Complaint.

44. 10 Roads denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

45. 10 Roads denies the allegations contained in paragraph "45" of the Complaint.

46. With respect to the allegations contained in paragraph "46" of the Complaint, 10 Roads admits that plaintiff spent the great majority of his working time driving a truck. 10 Roads denies the remaining allegations contained in paragraph "46" of the Complaint.

47. 10 Roads denies the allegations contained in paragraph "47" of the Complaint.

48. With respect to the allegations contained in paragraph "48" of the Complaint, 10 Roads admits that it paid plaintiff on a biweekly basis. 10 Roads denies the remaining allegations contained in paragraph "48" of the Complaint.

49. With respect to the allegations contained in paragraph "49" which set forth conclusions of law or consist of plaintiff's characterization of the Complaint, no response is required. Otherwise, 10 Roads admits that it paid plaintiff on a biweekly basis, but 10 Roads denies that it violated any law or engaged in any wrongful conduct, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

50. With respect to the allegations contained in paragraph "50" which set forth conclusions of law or consist of plaintiff's characterization of the Complaint, no response is required. Otherwise, 10 Roads admits that Eagle paid plaintiff on a biweekly basis, but 10 Roads denies that it violated any law or engaged in any wrongful conduct, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

51. 10 Roads denies the allegations contained in paragraph "51" of the Complaint.

52. 10 Roads denies the allegations contained in paragraph "52" of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"

53. 10 Roads repeats, reiterates, and incorporates its answers to paragraph "1" through "52" of the Complaint as if fully set forth herein as its response to paragraph "53" of the Complaint.

54. With respect to the allegations contained in paragraph "54" which set forth conclusions of law, no response is required. Otherwise, 10 Roads denies the allegations contained in paragraph "54," denies that it violated any law or engaged in any wrongful conduct, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

55. With respect to the allegations contained in paragraph "55" which set forth conclusions of law, no response is required. Otherwise, 10 Roads denies that it violated any law or engaged in any wrongful conduct, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

56. 10 Roads denies the allegations contained in paragraph "56" of the Complaint and specifically denies that plaintiff is entitled to the relief requested.

## AS TO "PRAYER FOR RELIEF"

With respect to the relief requested in paragraphs "A" through "E" of the "WHEREFORE" paragraph, 10 Roads denies that any relief is warranted in response to plaintiff's

request for assorted damages, costs, fees, and other relief, specifically denies that any legally cognizable cause of action exists pursuant to any federal, state, or city statutes or laws, and respectfully refers all questions of law to the Court and all questions of law to the trier of fact.

## AFFIRMATIVE DEFENSES

10 Roads sets forth the following affirmative defenses to the claims made in the Complaint. In doing so, 10 Roads does not assume the burden of proof with respect to any of the affirmative defenses where the substantive law provides otherwise.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted, either on his own behalf or on behalf of people he purports to represent, or to whom he is purportedly similarly situated.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff and the putative class should not be classified as "Manual Workers" under NYLL § 191(1), as they did not spend more than twenty-five percent of their worktime performing physical labor.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff may not maintain this case as a class action because his claims are not typical of those of the proposed class pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff may not maintain this case as a class action because common questions do not predominate over questions affecting individual putative class members pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff may not maintain this case as a class action because he cannot fairly and adequately protect the interests of the proposed class pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff may not maintain this case as a class action because the class device is not superior to other available methods of adjudicating this dispute pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

10 Roads' alleged acts or omissions complained of in the Complaint with respect to Plaintiff, as well as any individuals he purports to include or represent in this lawsuit, were done in good faith, because 10 Roads had reasonable grounds for believing that its acts or omissions, if any, were not a violation of any applicable laws.

**NINTH AFFIRMATIVE DEFENSE**

Subject to proof through discovery, some or all of plaintiff's claims, as well as the claims of the purported collective action members he purports to include or represent in this

lawsuit, are barred by the doctrines of laches, or barred in whole or in part by the doctrines of res judicata, collateral estoppel, quasi-estoppel, or equitable estoppel.

## TENTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, some or all of plaintiff's claims and the claims of those they purport to represent or otherwise include in this lawsuit are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, plaintiff has failed in whole or in part, to mitigate his purported damages.

## TWELFTH AFFIRMATIVE DEFENS

Any damages awarded to plaintiff would result in unjust enrichment.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which attorneys' fees or costs can be awarded.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover liquidated damages, because: (1) Defendant and all of its officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendant and its officers, directors, managers, and agents did not authorize any such willful violation with respect to plaintiff or any alleged member of any purported class or collective action, the existence of which Defendant affirmatively denies; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff was not an employee of 10 Roads under New York Labor Law at any time prior to January 1, 2021.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any damages suffered by the plaintiff, if any, were the result of the culpable conduct or fault of other persons for whose conduct 10 Roads is not legally responsible.

**SEVENTEETH AFFIRMATIVE DEFENSE**

In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may thereafter be given a release or a covenant not to sue, 10 Roads will be entitled to protection and the corresponding reduction of any damages which may be determined to be due against that defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The damages allegedly sustained by the plaintiff were caused by the sole or contributing wrongful or acts and/or omissions on the part of the plaintiff and/or other parties or non-parties, and not by any act and/or omission by 10 Roads.

**RESERVATION TO AMEND**

10 Roads specifically reserves its right to amend and plead any and all affirmative defenses that may become known to it during the course of discovery.

**COUNTERCLAIMS AGAINST PLAINTIFF**

Separate Defendant/Counterclaim Plaintiff 10 Roads Express, LLC ("10 Roads"), by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, by and through this

Counterclaim against Plaintiff/Counterclaim Defendant Juan Garcia ("Plaintiff"), respectfully alleges as follows:

## THE PARTIES

1. 10 Roads is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 2200 Abbott Dr, Carter Lake, IA 51510.

2. Upon information and belief, Plaintiff is an adult individual residing in the State of New York.

## JURISDICTION

3. These counterclaims are alleged against Plaintiff pursuant to Rule 13 of the Federal Rules of Civil Procedure.

4. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332, since the dispute is between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, since a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York and upon information and belief, Plaintiff resides in the Eastern District of New York.

## NATURE OF THE ACTION

6. This is an action for indemnity, restitution and breach of fiduciary duty that seeks monetary relief as well as any other relief this Court deems just and proper.

## FACTUAL ALLEGATIONS

7. 10 Roads is an interstate motor carrier that contracts directly with the United States Postal Service ("USPS") to haul mail in interstate commerce.

14

8. 10 Roads performs the same routes on the same schedules every day and employs drivers to perform those routes.

9. 10 Roads employed Plaintiff as a driver beginning on or around January 1, 2021.

10. As an employee of 10 Roads, Plaintiff was at all times required to abide by 10 Roads' policies and procedures during the term of his employment.

11. At all relevant times, 10 Roads maintained and enforced a safe work policy prohibiting harassment and discrimination in the workplace, including both verbal and physical conduct.

12. On or around August 10, 2021, Plaintiff and another 10 Roads driver ("Coworker X") were both performing work at a 10 Roads' parking facility in Nassau County, New York.

13. In violation of 10 Roads' policy and public policy, Plaintiff physically attacked Coworker X at the parking facility.

14. Plaintiff repeatedly hit and kicked Coworker X.

15. As a result of Plaintiff's attack, Coworker X sustained significant injuries, including a laceration to the left side of Coworker X's head as well as cuts and scrapes to both knees and elbows.

16. Coworker X's injuries are the direct result of Plaintiff's intentional misconduct.

17. However, because Coworker X's injuries were sustained while on the job, 10 Roads provided and continues to provide payments to Coworker X for ongoing medical care and other expenses.

18. To date, Coworker X is still receiving treatment for the injuries caused by Plaintiff, and 10 Roads is still providing payments to Coworker X for medical care and other expenses.

19. Additionally, as a result of Plaintiff's attack on Coworker X, 10 Roads terminated Plaintiff and placed Coworker X on a medical leave of absence, which took both drivers out of service.

20. When one of 10 Roads' drivers is out of service, 10 Roads must find alternate coverage for that driver's routes in order to meet 10 Roads' contractual obligations to the USPS.

21. Without Plaintiff and Coworker X to perform routes, 10 Roads was forced to hire and pay other motor carriers in order to meet its contractual obligations to the USPS.

**FIRST CAUSE OF ACTION**
**(Common Law Indemnity)**

22. 10 Roads repeats and reiterates each and every allegation contained in the preceding paragraphs as if set forth at length herein.

23. At the time Plaintiff attacked Coworker X, Plaintiff owed a duty to 10 Roads to comply with 10 Roads' employment policies and public policy prohibiting violence in the workplace.

24. At the time Plaintiff attacked Coworker X, Plaintiff was in complete control of his own actions and decision to attack Coworker X.

25. Coworker X suffered injuries and damages as a result of Plaintiff's intentional misconduct, specifically Plaintiff's actions in attacking Coworker X and repeatedly hitting and kicking him.

26. Additionally, as a result of Plaintiff's termination and Coworker X's leave of absence, both of which were caused by Plaintiff's intentional misconduct, 10 Roads was forced to hire and pay other motor carriers to perform and cover routes in order to meet its contractual obligations to the USPS.

27. Plaintiff should be bound to indemnify 10 Roads in full, or contribute to the extent of his proportionate share, any and all amounts paid to Coworker X and other motor carriers due to the injuries and damages caused entirely by the intentional acts of Plaintiff.

WHEREFORE, Counterclaim Plaintiff 10 Roads seeks monetary judgment against Counterclaim Defendant Juan Garcia as follows:

a. Monetary damages in excess of $75,000;

b. Attorneys' fees and costs of suit; and

c. Such other relief as the Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (Restitution)

28. 10 Roads repeats and reiterates each and every allegation contained in the preceding paragraphs as if set forth at length herein.

29. Plaintiff was enriched by 10 Roads' payments to Coworker X for medical care and other expenses.

30. Plaintiff was enriched at 10 Roads' expense.

31. In light of Plaintiff's intentional misconduct in violation of 10 Roads' and public policy, equity and good conscience require that Plaintiff not be enriched at 10 Roads' expense.

32. 10 Roads has been and continues to be damaged by Plaintiff's unjust enrichment in an amount to be determined by the trier of fact.

WHEREFORE, Counterclaim Plaintiff 10 Roads seeks monetary judgment against Counterclaim Defendant Juan Garcia as follows:

a. Monetary damages in excess of $75,000;

b. Attorneys' fees and costs of suit; and

c. Such other relief as the Court deems just and proper.

**10 ROADS' PRAYER FOR RELIEF**

WHEREFORE, 10 Roads respectfully prays that the Court enter judgment as follows:

1. Dismissing the Plaintiff's Complaint in its entirety;

2. Monetary damages in excess of $75,000;

3. Granting 10 Roads attorneys' fees, costs and disbursements of this action; and

4. Granting any further or different relief that this Court deems just and equitable.


Dated: August 19, 2022

                                          **WILSON ELSER MOSKOWITZ EDELMAN& DICKER, LLP**

By: _/s/ Marielle A. Moore_____
     Marielle A. Moore, Esq.
     Nancy Wright, Esq.
     *Attorneys for Defendant*
     *10 Roads Express, LLC*
     150 E 42nd Street
     New York, New York 10017
     Tel.: (212) 915-5549
     Marielle.Moore@wilsonelser.com
     Nancy.Wright@wilsonelser.com