

October 7, 2022

**Marielle A. Moore**
(212) 915-5540 (direct)

<u>**VIA ECF**</u>

Honorable Lee G. Dunst
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

      Re:   *Garcia v. 10 Roads Express, LLC & Eagle Express Lines, Inc.*
            22 CV 2783 (JMA)(LGD)

Dear Judge Dunst:

      In accordance with the Court's Individual Practice Rules, the parties jointly submit this letter regarding their disputes about the scope of Phase 1 discovery. Specifically, the parties disagree about whether Defendants should identify the number and dates of employment of putative class members who signed arbitration agreements. The parties conferred about this issue on September 8th and 16th but have been unable to resolve it.

    **I.**    **Plaintiff's position**

      Plaintiff worked for Defendants 10 Roads Express, LLC ("10 Roads") and Eagle Express Lines, Inc. ("Eagle Express") as an interstate truck driver. This action is a putative class action alleging that Defendants violated N.Y. Lab. L. § 191 by failing to pay Plaintiff and other interstate truck drivers on a weekly basis. Before the September 2, 2022, conference, Defendants agreed to provide Plaintiff with a list of putative class members and their dates of employment as part of Phase 1 discovery. On September 1, 2022, each Defendant produced such a list, but stated that the lists did not include putative class members who had signed arbitration agreements. This was the first time that Defendants informed Plaintiff that some putative class members signed arbitration agreements. Following the September 2, 2022, conference, each Defendant produced an arbitration agreement and represented that those were the only arbitration agreements any putative class members signed. True and correct copies of those arbitration agreements are attached hereto as Exhibits 1 and 2. Plaintiff asked Defendants to provide the number and dates

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY



of employment of the putative class members who signed the arbitration agreements. Defendants refused to provide that information.

Defendants should provide the number and dates of employment of putative class members who signed the arbitration agreements. This information is highly relevant to Phase 1 discovery, which is geared towards facilitating early settlement discussions. As Plaintiff has asserted a class claim, this information will assist the parties in determining the scope of any potential class settlement and class-wide damages. For example, in the event that the parties negotiate on a class-wide basis, Defendants may seek a release of *all* putative class members' claims, even though if the case were litigated they would argue that individuals who signed arbitration agreements should be excluded from the class. Thus, Plaintiff needs to have full class-wide information in order to assess the value of the class claim.

In addition, Plaintiff disputes the validity of the 10 Roads arbitration agreement. The 10 Roads agreement states that it is exclusively enforceable under the Federal Arbitration Act ("FAA"). (Ex. 2 at ¶ 15.) However, under the FAA, employment arbitration agreements with interstate transportation workers are void. 9 U.S.C. § 1; *New Prime Inc. v. Oliveira*, 139 S. Ct. 532 (2019). As 10 Roads is a transportation business,[1] and Plaintiff and the putative class member are interstate truck drivers, the arbitration agreement is unenforceable. *See Bissonnette v. LePage Bakeries Park St., LLC*, No. 20-1681, 2022 U.S. App. LEXIS 26940 (2d Cir. May 5, 2022) (FAA exception applies to drivers in the transportation industry). Defendants' argument that the FAA exception does not apply here because the arbitration agreement is not a "contract of employment" under paragraph 11 of the agreement puts form over substance. The consideration for the arbitration agreement is the signer's employment (Ex. 2 at 1), which plainly makes the agreement a contract of employment.

Finally, the requested information – number and dates of employment of putative class members who signed arbitration agreements – is not burdensome for Defendants to produce and does not reveal any personal or proprietary information. Accordingly, Plaintiff respectfully requests that the Court order Defendants to produce this information as part of Phase 1 discovery.

II.     **Defendants' position**

In order to fulfill the stated purpose of the Court's phased discovery approach of putting the parties "in a position to enter into meaningful settlement discussions," 10 Roads and Eagle Express have agreed to provide (and in some cases have already provided) the following during Phase 1 of discovery:

➢ A spreadsheet indicating the number of drivers employed by 10 Roads during the relevant statutory period (i.e., six years prior to the complaint being filed), whose claims are not subject to mandatory arbitration, including dates of employment;

---

[1] *See* https://10roadsexpress.com/ ("10 Roads Express is a full service asset-based contract carrier that specializes in the on-time delivery of time sensitive materials.").



- A spreadsheet indicating the number of drivers employed by Eagle Express during the relevant statutory period, whose claims are not subject to mandatory arbitration, including dates of employment;

- Documents, including but not limited to job descriptions, job postings, duties checklists, contracts, handbooks, manuals, and training materials, in which the job duties, responsibilities, and/or essential job functions of drivers employed in New York by 10 Roads and Eagle Express are identified and/or described;

- All of the named Plaintiff's payroll records for the relevant time period;

- Redacted examples of 10 Roads' and Eagle Express' arbitration agreements;

- A statement to the effect that any driver employed by 10 Roads during the relevant statutory period who did not sign an arbitration agreement before the commencement of this litigation appears on the above-referenced list of 10 Roads' drivers previously produced to Plaintiff;

- A statement to the effect that any driver employed by Eagle Express during the relevant statutory period who did not sign an arbitration agreement before the commencement of this litigation appears on the above-referenced list of Eagle Express' drivers previously produced to Plaintiff;

- A sampling of the payroll records of 10% of the class members' (drivers for each company who did not sign arbitration agreements) for the relevant time period.

As Plaintiff's claim hinges on his allegations that he is a "manual worker" within the meaning of N.Y. Lab. § 191, the foregoing information regarding the job duties and wages of both Plaintiff and the putative class members, who did not sign arbitration agreements, is more than sufficient to facilitate "meaningful settlement discussions" regarding Plaintiff's claim.

However, 10 Roads and Eagle Express respectfully submit that no "meaningful settlement discussions" are possible without removing from consideration their respective drivers who signed binding arbitration agreements, as all of their claims in this lawsuit are subject to mandatory arbitration.  Plaintiff's claim that "Defendants may seek a release of all putative class members' claims, even though if the case were litigated they would argue that individuals who signed arbitration agreements should be excluded from the class," is speculative and premature.  First, Plaintiff's claim pre-supposes a class-wide resolution.  Settlement discussions to date have been limited to the named Plaintiff's individual claim.  No classes have yet been certified, and 10 Roads expects that Plaintiff will not be able to meet the class certification requirements with respect to its drivers as the litigation proceeds.  Second, 10 Roads and Eagle Express recognize that any class-wide resolution would apply to putative class members only and argues only that each company's drivers who signed arbitration agreements are not part of any class because any and all of their claims in this lawsuit are subject to mandatory arbitration.



- 4 -

Moreover, Plaintiff's blanket claim that "employment arbitration agreements with interstate transportation workers are void" misstates the law. Section 1 of the FAA exempts "**_contracts of employment_** of transportation workers" engaged in interstate commerce from the FAA. *Circuit City Stores v. Adams*, 532 U.S. 105, 119, 121 S. Ct. 1302, 1311 (2001) (emphasis added). Plaintiff's cited authority in support of its position,[2] *New Prime Inc. v. Oliveira*, 139 S. Ct. 532 (2019), addressed only whether Section 1 of the FAA's exclusion of certain "contracts of employment" removed from the FAA's coverage not only employer-employee contracts but also contracts involving independent contractors. In *Oliveira*, the plaintiff worked under an operating agreement that called him an independent contractor and contained a mandatory arbitration provision. 139 S. Ct. at 534. In this case, there is no employment contract or agreement. Paragraph 11 of 10 Roads' arbitration agreement specifically states that it is **_not_** an employment contract:

> **No Employment Contract.** This Agreement is not, and does not create, any contract of employment, express or implied. I acknowledge that, if I am employed by Company, my employment shall be "at-will," that is, Company or I may terminate my employment at any time, for any reason, either with, or without, cause, and that my "at-will" status may be modified only in a writing signed by the President of the Company.

Even if there were any doubt as to whether 10 Roads' arbitration agreement constitutes a "contract of employment," and 10 Roads maintains that the above-quoted language admits of no doubt, arbitration of these drivers' claims would still be appropriate, as the issue of whether a contract qualifies as a "contract of employment" for the purposes of the FAA exemption depends on the economic reality of the parties' relationship and requires discovery and a fact-intensive analysis. *See Espinosa v. Snap Logistics Corp*, 2018 U.S. Dist. LEXIS 232232 (S.D.N.Y. Apr. 3, 2018) (granting motion to compel arbitration where plaintiff signed an independent owner-operator agreement containing an arbitration provision calling for all disputes to be "finally settled by arbitration in accordance with the" FAA and stating that "no employer/employee relationship is created under this Agreement" on the basis that it was premature to rule on whether the plaintiff was exempt from the FAA, because whether a contract qualifies as a "contract for employment" under the exemption depends on the economic reality of the parties' relationship, not a contractual label, and requires discovery and a fact-intensive analysis).

The parties thank the Court for its time and attention to this matter.

---

[2] Plaintiff also cites to *Bissonnette v. LePage Bakeries Park St., LLC*, No. 20-1681, 2022 U.S. App. LEXIS 26940 (2d Cir. May 5, 2022). In *Bissonnette*, the Court actually held that arbitration was properly compelled on the basis that the plaintiffs did not work in the transportation industry and were therefore *not* excluded from the FAA. 2022 U.S. App. LEXIS 26940 at *14. In so doing, the Court acknowledged the FAA's reflection of "liberal federal policy favoring arbitration agreements," but did not touch on the "contracts of employment" analysis whatsoever. 2022 U.S. App. LEXIS 26940 at *9 (internal quotations omitted).



- 5 -

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s/ Marielle A. Moore*
_____

Marielle A. Moore


cc:     **Via ECF**

Josef Nussbaum
jnussbaum@jk-llp.com