# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---:|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-688-2548 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

August 17, 2023

**VIA ECF**

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza Central Islip, New York 11722

                    Re: *Garcia, v. 10 Roads Express, LLC, et al*,
                          22 CV 2783 (JMA)(LGD)

Dear Judge Azrack,

      We represent Plaintiff Juan Garcia ("Plaintiff") in the above-referenced matter. In accordance with Section IV.B of the Court's Individual Rules, we write to request a pre-motion conference regarding Plaintiff's motion for class certification pursuant to Fed. R. Civ. P. 23.

    **I. Background**

      In this case, Plaintiff asserts New York Labor Law ("NYLL") Section 191 claims on behalf of all truck drivers who worked for Defendants 10 Roads Express LLC ("10 Roads") and Eagle Express Lines Inc. ("Eagle" and together with 10 Roads, "Defendants") in New York State at any time on or after May 12, 2016 (and who did not sign enforceable arbitration agreements[1]) (the "Class" or "Class Members"). Amended Complaint. Dkt. No. 15, ¶¶ 1-9 ("Compl.").[2] All of the Class Members were "manual workers" under the NYLL, but Defendants—whom Plaintiff alleges jointly employed the drivers—unlawfully paid them bi-weekly. Pre-certification discovery in this case is now complete and Defendants do not dispute that all the truck drivers they employed generally performed the same job duties, were all subject to the same policies, and were all subject to the same payroll practices, including being paid bi-weekly instead of weekly. Accordingly, Plaintiff seeks to certify the aforementioned class with respect to his claim that Defendant violated

---

[1] Both Eagle and 10 Roads required *some but not all* drivers to executed arbitration agreements. The arbitration agreements Eagle provided were governed by various states' laws. Prior to the time this lawsuit was filed, the arbitration agreements 10 Roads provided drivers were governed by the Federal Arbitration Act ("FAA").

[2] While Plaintiff's Complaint envisioned a class of "drivers, mechanics, and loaders" who worked for Defendants (Compl. at ¶ 1), after discovery it appears that Defendants did not employ the mechanics and loaders they used in New York State.

1

New York law by failing to pay all their "manual worker" truck drivers on a timely basis (at least once per week) as required by N.Y. Lab. L. § 191.

## I. Class Certification

Fed. R. Civ. P. 23 ("Rule 23") provides that a Court should certify a class where, as here, Plaintiffs satisfy the four prerequisites of Rule 23(a) and one of the three prerequisites of Rule 23(b). *See In Re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006). The Rule 23(a) requirements for class certification are: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed R. Civ. P. 23(a). Rule 23(b)(3) is satisfied where "(1) common issues of law and fact predominate over individual claims; and (2) a class action is superior to other means of adjudicating the action." *Alonso v. Uncle Jack's Steakhouse, Inc.*, No. 08 Civ. 7813, 2011 U.S. Dist. LEXIS 106356, at *15 (S.D.N.Y. Sept. 21, 2011). "The Second Circuit has emphasized that Rule 23 should be given liberal rather than restrictive construction, and it seems beyond peradventure that the Second Circuit's general preference is for granting rather than denying class certification." *Gortat v. Capala Bros.*, 257 F.R.D. 353, 361 (E.D.N.Y. 2009)(citing *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997)).

The proposed class has well over 40 members, which is too numerous to make joinder of each individual plaintiff practicable. *See Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993). "There is no magic minimum number that establishes numerosity,' but 'numerosity is presumed at a level of 40 members," *Gardner v. W. Beef Props.*, No. 07-CV-2345 (RJD) (JMA), 2011 U.S. Dist. LEXIS 146467, at *6 (E.D.N.Y. Sep. 26, 2011)(Azrack J.)(citations and quotations omitted). Here, per information produced by Defendants in discovery, Plaintiff believes there are more than 100 total Class Members.[3]

In terms of commonality and typicality, as each class member's claim centers on the same legal theories, namely, that Defendants unlawfully paid them on a biweekly basis despite the fact that they performed manual work, commonality and typicality are easily satisfied. *See, e.g., Shahriar v. Smith & Wollensky Rest. Group*, 659 F.3d 234, 252 (2d Cir. 2011) (finding commonality and typicality satisfied where "all Class Members were subject to the same [wage] policies."); *Morris v. Alle Processing Corp.*, No. 08-CV-4874 (JMA), 2013 U.S. Dist. LEXIS 64534, at *25 (E.D.N.Y. May 6, 2013) (Azrack J.) (finding commonality/typicality met where "[t]he named plaintiffs' claims and the proposed class members' claims arise from the same course of conduct (defendants' practice and policy of failing to pay wages and overtime), raise common issues of law and fact … and are based on the same legal theories (violations of NYLL)").

---

[3] Some of the potential Class Members may have signed arbitration agreements with Defendants, however those agreements are invalid as they include provisions stating that the agreements are governed by the Federal Arbitration Act ("FAA") and that statute explicitly carves out coverage of the drivers in question here. Specifically, Section 1 of the FAA carves out from that Act's coverage "contracts of employment of . . . workers engaged in foreign or interstate commerce." As there is no dispute here that the plaintiff and potential Class Members are/were engaged in interstate commerce, those agreements are not enforceable. *See New Prime Inc. v. Oliveira*, 139 S. Ct. 532 (2019).

Plaintiff, a former employee of Defendants, is an adequate representative and has no interests antagonistic to the class. Based on discussions with Defendants, we anticipate that they will challenge Plaintiff's adequacy on the basis of the counterclaims Defendants filed against him. As an initial matter, Plaintiff filed a motion to dismiss those claims which is currently pending and thus it remains unclear if those claims will proceed in this litigation. *See* Dkt. Nos. 10, 25. In any event, courts have found in similar circumstances involving counterclaims that a class representative should not be considered inadequate where the defendants cannot "identify anything about plaintiff's defense to the counterclaim that would be inconsistent with the proposed class's interests." *See, e.g., Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, at 72 (S.D.N.Y. 2018)(citations and quotations omitted). Here, there is nothing on the record in this action that supports Defendants' counterclaims against Mr. Garcia. The claim—which centers around an alleged assault that 10 Roads claims Mr. Garcia committed against a coworker—are essentially a "he-said, she-said" debate. Mr. Garcia maintains that the coworker assaulted him and that he acted in self-defense, and Defendants maintain that Mr. Garcia initiated the altercation. Accordingly, under these circumstances, Mr. Garcia will be able to act as an adequate class representative.

Finally, Fed. R. Civ. P. 23(b)(3) applies because the common factual and legal issues predominate over individualized inquires. Plaintiff's claims are based on Defendants' policies, the legality of which "can be resolved 'in one stroke' for all members of the class." *Glazer v. Whirlpool Corp.* (*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*), No. 10-4888, 2013 U.S. App. LEXIS 14519, at *34 (6th Cir. July 18, 2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)); *see also Morris v. Alle Processing Corp.*, 2013 U.S. Dist. LEXIS 64534, at *36 ("predominance is satisfied where, as here, the central issue is whether defendants had a uniform policy or practice of denying wages …."). Superiority is also satisfied: "[c]ourts routinely hold that a class action is superior where, as here, potential class members are aggrieved by the same policy, the damages suffered are small in relation to the expense and burden of individual litigation, and many potential class members are currently employed by defendants. *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 126 (S.D.N.Y. 2014) (citation omitted). To be sure, many current employees of Defendants may reasonably fear reprisals if they assert their rights under New York law, thus the "the opt-out nature of a class action is a valuable feature" that contributes to a finding that a class action is the superior method of pursuing these claims. *Guzman v. VLM, Inc.*, No. 07 CV 1126, 2008 U.S. Dist. LEXIS 15821, at *25 (E.D.N.Y. Mar. 2, 2008). Finally, Plaintiffs' counsel are experienced employment litigators who should be appointed class counsel under Fed. R. Civ. P. 23(g). *See, e.g., Zivkovic*, 329 F.R.D. at 74 ("the attorneys of Joseph & Kirschenbaum have substantial experience as lead or co-lead class counsel in wage and hour actions in this District.").

Accordingly, Plaintiffs respectfully request that a pre-motion conference be held concerning Plaintiff's anticipated motion for class certification.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   <u>s/*Josef Nussbaum*</u>
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)