# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

April 9, 2025

**VIA ECF**

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza Central Islip
New York 11722

Re: *Garcia, v. 10 Roads Express, LLC, et al*,
22 CV 2783 (JMA)(LGD)

Dear Judge Azrack:

We represent Plaintiff Juan Garcia ("Plaintiff") in the above-referenced matter. We write to respectfully request that the stay in this matter be lifted. The stay was put in place nearly one year ago because, at that time, the Court expected that the New York Court of Appeals would soon weigh in on the Appellate Division split regarding whether there is a private right of action for violations of N.Y. Lab. L. § 191's timely payment requirements, which is Plaintiff's lone claim in the case. Since the stay was entered, federal courts that have reached the issue have been nearly unanimous in holding that there *is* a private right of action for such claims. Moreover, the Second Department has taken no action on the request to appeal this issue to the New York Court of Appeals. As the federal court consensus is clear that there is a private right of action for these claims, and there is no indication that the New York Court of Appeals will weigh in on the question soon, if at all, we respectfully request that the stay be lifted and Plaintiff's motions for class certification and to dismiss the counterclaims be reinstated.

By way of brief background, Plaintiff asserts New York Labor Law ("NYLL") § 191 claims on behalf of all truck drivers who worked for Defendants 10 Roads Express LLC ("10 Roads") and Eagle Express Lines Inc. ("Eagle" and together with 10 Roads, "Defendants") in New York State at any time on or after May 12, 2016 (and who did not sign enforceable arbitration agreements) (the "Class" or "Class Members"). *See* Amended Complaint at ECF No. 15, ¶¶ 1-9. All of the putative Class Members were "manual workers" under the NYLL, but Defendants—whom Plaintiff alleges jointly employed the drivers—unlawfully paid them bi-weekly. In early January 2024, Plaintiff filed a motion for class certification and that motion was fully briefed and submitted to the Court on February 16, 2024. *See* ECF Nos. 63-74. Defendant 10 Roads Express,

LLC also asserted counterclaims against Plaintiff, which Plaintiff moved to dismiss. That motion was fully briefed on September 15, 2022. ECF Nos. 10, 12, 25, 26.

In mid-April 2024, the Court denied the certification motion without prejudice to renew it and stayed the case. The reason for the stay was the department split within the New York Appellate Division as to whether there is a private right of action under NYLL § 191 to enforce New York's weekly pay requirements for manual workers. *Compare Vega v. CM & Assoc. Constr. Mgt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 1st Dep't 2019) (holding that there is a private right of action), *with Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (N.Y. App. Div. 2d Dep't 2024) (holding that there is not a private right of action). ECF Entry for 4/17/24. In issuing the stay, the Court further noted that "[t]he New York Court of Appeals has yet to address this question. But that may soon change. The Plaintiff in *Grant* recently filed a motion with the Second Department seeking leave to appeal to the New York Court of Appeals,[1] which is currently pending." *Id*.

As expressly stated by the Court, the reason for the stay was that the New York Court of Appeals was expected to soon resolve the Appellate Division split between *Vega* and *Grant*. However, since the stay was entered (1) there has been near-unanimity in the federal courts that *Vega* was correctly decided; and (2) there have been no developments at all in the state court proceedings in *Grant*.

Although there is a split of authority in the New York Appellate Division, federal courts in New York, both before and after *Grant* was decided, have overwhelmingly held that there is a private right of action and that *Vega* was rightly decided. Thus, New York federal courts have resoundingly held that the issue is not that complicated and that a private right of action exists for employees to pursue frequency of payments claims under the NYLL. As one court recently noted, "the near unanimous view by courts within this Circuit that have weighed in on the *Vega/Grant* split" is that *Vega* was correctly decided. *Phoenix v. Cushman & Wakefield U.S., Inc.*, No. 24 CV 965, 2025 U.S. Dist. LEXIS 18268, at *12; *see also, e.g.*, *Espinal v. Sephora USA, Inc.*, 2024 U.S. Dist. LEXIS 170384 (S.D.N.Y. Sep. 19, 2024); *Carasquillo v. Westech Sec. & Investigation Inc.*, No. 23 CV 4931, 2024 U.S. Dist. LEXIS 167856 (S.D.N.Y. Sept. 17, 2024); *Charles v. United States of Aritzia Inc.*, No. 23 Civ. 09389, 2024 U.S. Dist. LEXIS 165121 (S.D.N.Y. Sept. 12, 2024); *Bryant v. Buffalo Exch., Ltd.*, 2024 U.S. Dist. LEXIS 140311 (S.D.N.Y. Aug. 6, 2024); *Aguilar v. Calexico Cinco LLC*, No. 22 CV 6345, 2024 U.S. Dist. LEXIS 115935 (E.D.N.Y. June 28, 2024), *adopted by* 2024 U.S. Dist. LEXIS 144208 (Aug. 13, 2024); *Birthwright v. Advance Stores Co. Inc.*, 2024 U.S. Dist. LEXIS 113733 (E.D.N.Y. June 27, 2024); *Covington v. Childtime Childcare, Inc.*, 2024 U.S. Dist. LEXIS 102155 (N.D.N.Y. June 10, 2024); *Cooke v. Frank Brunckhorst Co., LLC*, 734 F. Supp. 3d 206 (E.D.N.Y. 2024); *Levy v. Endeavor Air Inc.*, 2024 U.S. Dist. LEXIS 60332 (E.D.N.Y. Mar. 29, 2024); *Garcia v. Skechers USA Retail, LLC*, 2024 U.S. Dist. LEXIS 46109 (E.D.N.Y. Mar. 15, 2024); *Bazinett v. Pregis LLC*, 2024 U.S. Dist. LEXIS 44869 (N.D.N.Y. Mar. 14, 2024); *Gamboa v. Regeneron Pharms., Inc.*, 2024 U.S. Dist. LEXIS 33585 (S.D.N.Y. Feb. 27, 2024); *Zachary v. BG Retail, LLC*, 2024 U.S. Dist. LEXIS 24097 (S.D.N.Y. Feb. 12, 2024). This alone weighs in favor of lifting the stay.

---

[1] That motion was fully brief on March 11, 2024.

Moreover, while at the time the Court entered the stay it seemed like the New York Court of Appeals might soon weigh in on this issue, that has not been the case. The motion for reconsideration and/or for leave to appeal to the Court of Appeals in that case was fully briefed in mid-March 2024 and the most recent docket entry in that case is from May 22, 2024. *See* Dkt. Entries for *Grant v. Global Aircraft Dispatch Inc.*, 2021-03202 (App. Div. 2nd Dep't). Since May 2024, then, there has been no movement at all and there are no hearings or arguments scheduled. *Id*. Thus, even if leave to appeal were to be granted now, a decision from the Court of Appeals is not at all imminent, as the parties would have months to brief the appeal, which would then naturally be followed by oral argument a formal written decision. In other words, as Judge Subramanian in the S.D.N.Y. opined in August 2024 on the anticipated appeal in *Grant*, "any decision by the Court of Appeals is far off, and it's not even certain that there will be one." *Bryant*, 2024 U.S. Dist. LEXIS 140311, at *16 (holding that the "Court will not delay litigation for a decision that may never come.").

For all the foregoing reasons, we respectfully request that the Court lift the stay on this matter and allow the motions for class certification and to dismiss the counterclaims to proceed to decision.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   s/*Josef Nussbaum*
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)

3